UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) ) | Case No. 4:11CV01006 AGF |
| ELAIN KAY YOUNG; STEPHEN GRIESBAUER; JOHN GRIESBAUR; B.G., a minor; and KELLY DUNCAN, as guardian for B.G., ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This interpleader matter is before the Court on the motion of Plaintiff The Prudential Insurance Co. of America ("Prudential") for default judgment against one Defendant, Elain Kay Young, and for an order directing Prudential to pay the life insurance proceeds which are the subject of this action to the remaining three Defendants, and discharging Prudential from all liability arising out of the insurance proceeds upon such payment. For the reasons set forth below, the motion for default judgement against Young shall be granted, but the other relief requested shall be denied.

## BACKGROUND

Prudential filed this action June 2, 2011, asserting that it holds the proceeds of a group life insurance policy covering decedent Melvin Griesbauer, and subject to the Employee Retirement Insurance Security Act. The life of the decedent was covered in the amount of $10,000, consisting of $5,000 in basic life insurance and $5,000 for

accidental death. Named as Defendants are Elain Kay Young, the decedent's spouse at the time of his death; and the decedent's three surviving children: Stephen Griesbauer, John Griesbaur, and B.G., a minor, through his guardian, Kelly Duncan. The decedent did not designate a beneficiary of the policy at issue, which provided that any amount of insurance for which no beneficiary was designated would " be payable to the first of the following: (a) surviving spouse; (b) surviving child(ren) in equal shares . . . ." The decedent's death on March 23, 2006, was ruled a homicide, for which Young has been indicted and now awaits trial in this Court (*U.S.A. v. Young*, 4:09CR00679 HEA.)

To date, Young and Duncan have been served. On August 12, 2011, the Clerk's Office entered default against Young, and on November 2, 2011, this Court granted Prudential's request for an additional 120 days to serve Defendants Stephen Griesbaur and John Griesbaur. Prudential now seeks default judgment against Young, and an order directing Prudential to pay the death benefit of $10,000 to the remaining Defendants in equal shares, and discharging Prudential from further liability related to the matter, upon such payment. Duncan has filed a response (pro se), stating that she does not object to the death benefit being shared equally between the decedent's three sons.

## DISCUSSION

The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations when several claimants assert rights to a single stake. *S & W Foreclosure Corp. v. Okenfuss,* 2010 WL 106675 *1 (E.D. Mo. Jan. 6, 2010). Here there is no dispute that Prudential is a disinterested stakeholder.

The Court concludes that Prudential is entitled to default judgment against Young. Because Young has failed to answer or otherwise respond to the complaint, she cannot contend that interpleader was improper or that Prudential has any liability to her.  See *Transamerica Life Ins. Co. v. Estate of Ward*, No. CIV S–11–0433 JAM EFB, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011); *Sun Life Assurance Co. of Can., (U.S.) v. Conroy*,  431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.")

The Court concludes, however, that Prudential is not entitled to the other relief it seeks, at this point in the proceeding, with the funds not yet deposited in the Court's registry and with two Defendants still unserved.  See *Francis I. du Pont & Co. v. Sheen*, 324 F.2d 3, 5 (3d Cir. 1963) ("When a plaintiff in interpleader has paid the amount of his admitted debt into court and, after notice and opportunity to be heard, the claimants have been ordered to interplead, the law normally regards the plaintiff as having discharged his full responsibility in the premises."); *Wells Fargo Bank, N.A. v. Magellan Owners Ass'n*, No. CV-09-587-PHX-MHM, 2010 WL 46794, at *4 (D. Ariz. Jan. 4, 2010) (noting that "[t]he law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and an opportunity to be heard") (quoting another source); *State Farm Life Ins. Co. v. Carte*, No. CIV.A. 2:97-1008, 1997 WL 716927, at *1 (S.D. W. Va. Nov. 7, 1997) (denying the plaintiff's motions to enjoin the defendants from instituting proceedings for disputed life insurance

proceeds and to deposit the proceeds into the court's registry because all the defendants had not yet been served); 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1714 (3d ed. 2011) ("The decision whether interpleader is appropriate is made by the court but only after all parties have been given notice and an opportunity to be heard on the question.")

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Plaintiff The Prudential Insurance Co. of America for default judgment against Defendant Elain Kay Young is **GRANTED**. (Doc. No. 27.)

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED** with respect to the other relief sought, pending further proceedings in the case.

*(signature)*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2011.